9 F.3d 978
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Eugene E. TURNER, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 93-3268.
 United States Court of Appeals, Federal Circuit.
 Sept. 17, 1993.
 
 Before LOURIE, Circuit Judge, SKELTON, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 RADER, Circuit Judge.
 
 
 1
 Eugene E. Turner petitions for review of the final order of the Merit Systems Protection Board, Docket No. SE0752920338-I-1, sustaining his removal from employment as a mail handler for the United States Postal Service (Agency). This court affirms.
 
 DISCUSSION
 
 2
 The United States Postal Service removed Mr. Turner from his position as a mail handler at the General Mail Facility in Tacoma, Washington, for assaulting a fellow mail handler, Virgil Gray. On July 9, 1992, Mr. Turner appealed the Agency's action to the Board alleging that he was not the aggressor in the confrontation. Mr. Turner further alleged that he was the victim of sexual harassment--in the form of "strange stares" and "sexual looks"--by a number of male employees. Mr. Turner's confrontation with Mr. Gray occurred after Mr. Turner felt sexually harassed by Mr. Gray. Mr. Turner asserts that he only approached Mr. Gray to find out why he was "hassling" him.
 
 
 3
 In an initial decision dated November 9, 1992, the Board found that Mr. Turner was the aggressor. Mr. Turner petitioned the full Board for review of the initial decision. The full Board denied that petition on February 26, 1993.
 
 
 4
 In his petition for review of the Board's final order, Mr. Turner contests the Board's credibility determinations and factual findings. Additionally, Mr. Turner asserts that the Board erred by refusing evidence that the altercation did not occur on the Agency property.
 
 
 5
 In his petition to this court, Mr. Turner contests several factual findings of the administrative judge. However, Mr. Turner has not furnished a copy of the relevant portions of the Board hearing. Under Rule 10(b) of the Federal Rules of Appellate Procedure and Rule 11 of this court, Mr. Turner must include in the record a transcript of the portion of the hearing upon which his contentions rely. See Gonzales v. Defense Logistics Agency 772 F.2d 887, 890-91 (Fed.Cir.1985). Without the relevant portions of the transcript in the record, this court cannot review his challenges. Even if Mr. Turner had supplied the record material, however, Mr. Turner has stated no grounds sufficient to reverse the Board's findings.
 
 
 6
 This court reviews decisions of the Board under a limited standard of review. This court affirms unless the Board's decision is: (1) arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988).
 
 
 7
 Substantial evidence supports the administrative judge's findings. Many of the findings of the Board rest on credibility determinations of the administrative judge which are "virtually unreviewable." Hambsch v. Department of Treasury, 796 F.2d 430, 436 (Fed.Cir.1986). Moreover, the administrative judge did not commit error by denying Mr. Turner's request for the admission of a document allegedly showing the fight did not occur on Government property. Such evidentiary decisions are within the sound discretion of the Board and its officials. Curtin v. Office of Personnel Management, 846 F.2d 1373, 1378 (Fed.Cir.1988). The board's decision sustaining the Agency's removal action was not arbitrary, capricious, or an abuse of discretion and was in accordance with the applicable law.